ROSE (UNITED STATES v.). See Cases Nos. 16,193–16,195.

ROSE, The (WATSON v.). See Case No. 17,288.

ROSE (WILSON v.). See Case No. 17,831.

---

## Case No. 12,052.

### In re ROSEBERRY et al.

[8 Biss. 112; [1] 16 N. B. R. 340.]

District Court, D. Indiana. Nov., 1877.

BANKRUPTCY—SALE BY LIENHOLDER — SECURITIES TAKEN IN GOOD FAITH.

1. Where one has a valid lien upon property in his custody belonging to another who is on the eve of bankruptcy, and sells the same with the knowledge that bankruptcy is imminent, the sale will not be afterwards disturbed by the court in bankruptcy if untainted by fraud, and if there has been no sacrifice of the property.

2. The lien of a factor for his advancements, charges and commissions, is within the meaning

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of the amendment to section 5128, Rev. St. U. S., which provides that nothing in that section shall be construed to invalidate securities taken in good faith upon the making of a loan, and will be protected in bankruptcy.

In bankruptcy. Goss, Newsom & Co. proved claims against the individual estates of each of the bankrupts, who, previous to the adjudication in bankruptcy, were partners as W. B. Roseberry & Co. Upon the application of the assignee, these claims were re-examined before the register pursuant to the terms of rule 34 of the supreme court. In the course of the re-examination it was shown that Goss, Newsom & Co. were pork packers and commission merchants, who made advancements of money for the purchase of hogs that were afterwards packed by them. Usually they entered into articles of agreement with the parties to whom these advancements were made, stipulating for the retention of a lien upon the hogs to secure their reimbursement with interest, and the payment of their charges and commissions. They had such an agreement with Warren B. Roseberry, and, for additional security, he executed to them bills of exchange with William N. Roseberry as indorser thereon. They had no such agreement with William N. Roseberry, but dealt with him in their capacity as factors. The other facts of the case are stated in the opinion of the register.

By BUTLER, Register:

As to the claim of Goss, Newsom & Co. against Warren B. Roseberry, they unquestionably had, by virtue of their written agreement with him, a lien upon the product of his hogs for charges and advancements made by them to him. They had the right, upon his failure to pay or renew the bills that were given for these advancements, etc., to sell this product and apply the proceeds of the sale on his indebtedness to them. It makes no difference that when they made the sale they had reasonable cause to believe that he was on the eve of bankruptcy. The lien already existed; it was created under circumstances that entitle it to the protection of the bankrupt law; it was a security taken upon the making of a loan. Rev. St. U. S. § 5128. Unless it were made to appear that there was some actual fraud in the sale, by means of which the property was sacrificed, the court in bankruptcy would not interfere with it. On the contrary, it is shown by the testimony in this case that the property was sold for the full market price. Their claim against Warren B. Roseberry is therefore properly credited with the proceeds of the sale of his product.

But this claim is also credited with the sum of three hundred and twelve dollars and thirty cents, which is a balance due William N. Roseberry on an account between them and him, and which, it is claimed, was transferred to their account with Warren B. Roseberry in accordance with the terms of a verbal agreement with William N. Roseberry,

who was at the time liable to them as an indorser of Warren B. Roseberry's paper. This agreement is denied by William N. Roseberry, and I do not think it is made out by the evidence. This sum was really due William N. Roseberry on the commencement of these proceedings, and ought to be recovered by his assignee in bankruptcy. The credit of three hundred and twelve dollars and thirty cents ought, therefore, to be erased from their claim against Warren B. Roseberry, and their said claim increased in this sum.

Interest is due upon this claim until the filing of the petition in bankruptcy only, and a reduction of —— dollars ought to be made on account of an overcharge of this amount by way of interest.

As to their claim against William N. Roseberry, they had no written or other express agreement with him, and made no advancements to him for the purchase of hogs, as they did in the case of Warren B. Roseberry. But in their capacity of pork packers they received from him a consignment of hogs which they were to pack in accordance with the custom of their house and the general usage of pork houses, with which the bankrupt testifies he was well acquainted. They were to pack and sell them for him; and as factors, independently of any positive agreement between them, they had a lien on the product for their charges and advancements. Story, Ag. §§ 376–378. While the product was lying in their warehouse the bankrupt gave orders on them for two thousand and ninety dollars in favor of a third party, which they paid; and it is fair to presume that, in giving the order and in paying it, the expectation of both parties was that the product was to be held as security therefor. There were no restrictions upon the claimants as to the time of sale, and, as in the case of their claim against Warren B. Roseberry, it really is unaffected by the fact that it was made when they had reason to believe that bankruptcy was imminent. They had a lien that would have been protected in bankruptcy, and the sale being free from fraud, and the bankrupt being credited upon their account with him with the full value and market price of the property, the sale will not be disturbed by the bankrupt court.

After applying the proceeds of the sale of this product of William N. Roseberry to the payment of their charges and advancements to him, there remained a balance of three hundred and twelve dollars and thirty cents, which they transferred to the account with Warren B. Roseberry, and credited him with it. This, as already stated, they had no right to do. It belonged to William N. Roseberry, and ought to be paid to his assignee.

GRESHAM, District Judge. Register's finding approved, and order accordingly.

NOTE. If brokers, carrying a stock on a margin, which at the time of the commencement of bankruptcy proceedings could have been sold at a profit, carry it until a decline, and then close it out at a loss without application to the court, they cannot prove against the estate their claim for difference. In re Daniels [Case No. 3,566].